UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES A. RAMSEY, JR.                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:10CV-312-S

JEFFERSON COUNTY BOARD OF EDUCATION , et al.                               DEFENDANTS

### MEMORANDUM OPINION

This matter is presently before the court on motion of the defendants, Jefferson County Board of Education ("JCBE"), *et al*, for summary judgment in this action alleging wrongful termination and slander.  (DN 23).  Additionally, the plaintiff, Charles A. Ramsey, Jr., *pro se*, has moved for leave to file a second amended complaint to add a claim for violation of Kentucky Revised Statutes Annotated ("KRS") 61.102 and to allege that the defendants acted in violation of the Kentucky Penal Code, KRS 402.010.  (DN 27).

In addressing the pending motions, the court has determined *sua sponte* that we are without jurisdiction and that the matter may not proceed further.  Fed.R.Civ.P. 8(a)(1) requires that a pleading asserting a claim for relief allege the basis for the court's jurisdiction.  There is nothing in either version of the complaint which suggests any federal jurisdiction whatsoever.

Ramsey, proceeding *pro se* in this matter, seeks to hold JCBE and Tiffeny Gerstner, Principal of Semple Elementary School, liable for his removal as the "preferred substitute schoolteacher" at Semple where he had been assigned for two weeks.  Ramsey contends that "once Principal Gerstner became aware of my participation in the seemingly unorthodox process [of test-taking allegedly occurring in the classrooms at Semple], she fired me."  Amended Complaint (Am.Compl.), ¶ 4.  He

also claims that Gerstner yelled at him "from a distance of thirty feet, in the central school hallway, amid a crowd of students, teachers, staff members, parents, and possibly, visitors to the school." *Id.* He stated "I was shocked when she yelled to me, 'Mr. Ramsey, you are no longer our preferred sub. You will be replaced by a new preferred sub. Call Doctor Price.'" *Id.* He contends that he inquired about his "firing," but was never given a satisfactory response, being told by Gerstner that "I will only say to anyone that you do not fit in." *Id.*

In completing the form for *pro se* filing of a complaint, Ramsey's stated his grounds for filing the case:

By <u>choosing</u> to fire me in a crowded, public space, Principal Tiffeny Gerstner slandered my reputation as a professional schoolteacher. — In her capacity as head administrator of the school, she allowed my being a part of a seemingly unorthodox procedure of student scholastic "testing." Am.Compl., ¶ 1.

This court is charged with the duty of assessing its jurisdiction and must *sua sponte* dismiss cases in which subject matter jurisdiction is lacking. *See, Nagalingam v. Wilson, Sowards, Bowling & Costanzo,* 8 Fed.Appx. 486, 2001 WL 493392 (6th Cir. May 1, 2001); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc.* 72 F.3d 1253, 1254 (6th Cir. 1996). The court liberally construes *pro se* pleadings in determining whether claims have been adequately pled. *See, Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999), *cert. denied*, 529 U.S. 1020 (2000), *citing Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Even construed most liberally, there are no facts alleged which suggest that this court has either diversity or federal question jurisdiction over this matter. The parties are not diverse. They

are all Kentucky citizens. There are no allegations which raise a discernable federal question. Indeed, the summary judgment briefs address nothing more than allegations of slander under Kentucky law and a purported "discharge" from a substitute teaching position for utilizing certain testing procedures. The parties discuss only Kentucky statutes and caselaw in their briefs. The tendered second amended complaint seeks to add more state law-based allegations of wrongdoing on the part of JCBE. As no further refinement of any of the claims asserted by Ramsey can cure the clear lack of federal jurisdiction in the matter, dismissal is warranted without affording any additional opportunity to amend. *See, ie., Schucker v. Rockwood*, 846 F.2d 1202 (9th Cir.), *cert denied*, 488 U.S. 995, 109 S.Ct. 561, 102 L.Ed.2d 587(1988)(dismissal of *pro se* complaint proper where it is "absolutely clear that deficiencies could not be cured by amendment.").

As found in *West v. Detroit Board of Education*, 2010 WL 3070076 (E.D.Mich. July 2, 2010), while a viable state law claim may or may not exist, the plaintiff has not shown any basis for federal jurisdiction. In *West*, the court noted that

> As an initial matter, the Court recognizes that Defendant is unrepresented by counsel. Therefore, her complaint will be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir.2000) ( *pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *United States v. Cagle*, 235 F.R.D. 641, 644 (E.D.Mich.2006). Nevertheless, even a pro se complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir.1988) (internal citations omitted) (emphasis in original).

*West*, *supra*. at *2.

As federal courts are courts of limited jurisdiction, we are precluded from proceeding in a matter where jurisdiction is lacking. Therefore, the action will be dismissed without prejudice by separate order and the pending motions remanded.

**IT IS SO ORDERED.**

November 15, 2011

**Charles R. Simpson III, Judge
United States District Court**